UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 18-cv-183

| | |
|---|---|
| Daniel L. McKinnon,<br><br>    Plaintiff,<br>v.<br><br>Public Reputation Management Services, LLC, d/b/a Public Reputation,<br><br>    Defendant. | **COMPLAINT**<br><br>**WITH JURY TRIAL DEMAND** |

## INTRODUCTION

1. "Voluminous consumer complaints about abuses of telephone technology… prompted Congress to pass the TCPA" in 1991. *Mims v. Arrow Fin. Servs.,* 132 S. Ct. 740, 744 (2012).

2. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may contact them, and made specific findings that technologies that might allow consumers to avoid receiving such calls "are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102-243, § 11.

3. Toward this end, Congress found that banning such automated or prerecorded calls, "except when the receiving party consents… or when such calls are necessary in an emergency situation affecting the health and safety of the consumers, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id* at § 12.

1

## JURISDICTION AND VENUE

4. This action arises out of Defendant's violations of the Telephone Communication Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and common law invasion of privacy.

5. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 & 1367.

6. The Court has personal jurisdiction over Defendant because Defendant conducts business in Minnesota and the acts alleged herein originated in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendant conducts business in this District.

## PARTIES

8. Plaintiff, Daniel L. McKinnon (hereinafter "Plaintiff"), is, at was at all times herein relevant, a resident of the State of Minnesota. Plaintiff is, and was at all times herein relevant, a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant, Public Reputation Management Services, LLC, d/b/a Public Reputation (hereinafter "Defendant"), is a digital marketing agency organized and existing under the laws of the State of Florida, with its headquarters and base of operations located at 604 Banyan Trail, #812301, Boca Raton, FL 33431. Defendant conducts business throughout the United States, including in the State of Minnesota. Defendant is, at was at all times herein relevant, a "person," as defined by 47 U.S.C. § 153(39).

## BACKGROUND

### *Telephone Consumer Protection Act*

10. The TCPA states, in part:

It shall be unlawful… (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice… (iii) to any telephone number assigned to a… cellular telephone service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1).

11. The TCPA defines "telemarketing call," or "telephone solicitation," as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of… goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

12. The TCPA defines an "automatic telephone dialing system" as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

13. Before making a telephone solicitation using an automatic telephone dialing system, one must receive "prior express consent" to do so from the called party. "Prior express consent" must:

- Be in the form of an agreement in writing, bearing the written or electronic signature of the person providing consent;
- Specify the telephone number to which the person is consenting to be called; and
- Clearly and conspicuously authorize the company to call the person using an autodialer system or prerecorded message for telemarketing purposes.

47 C.F.R. § 64.1200(f)(8).

14. On July 10, 2015, the FCC released a Declaratory Ruling and Order wherein it

3

determined that "[c]onsumers have the right to revoke consent, using any reasonable method including orally or in writing. Consumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, FCC 15–72, 30 F.C.C.R. 7961 (July 10, 2015).

### PLAINTIFF'S FACTUAL ALLEGATIONS

15. At all times herein relevant, Plaintiff is the owner and operator of Tech Ambulance, a company specializing in computer protection and repair, located at 1775 Buerkle Road, White Bear Lake, Minnesota 55110, telephone number 651-456-8324.

16. Plaintiff pays a monthly service fee to allow customers and potential customers to contact his business, Tech Ambulance.

17. At all times herein relevant, Plaintiff owned a cellular telephone, telephone number ending "2387."

18. At all times herein relevant, Plaintiff forwarded telephone calls and voicemails to Tech Ambulance to his cellular telephone.

19. On March 24, 2005, Plaintiff registered Tech Ambulance's telephone number and his personal telephone number with the National Do Not Call Registry, which should have prevented any and all calls to Plaintiff from Defendant.

20. On September 5, 2017, Defendant placed the first of many unsolicited telephone calls to Tech Ambulance, which was then forwarded to Plaintiff's cellular telephone.

21. Upon information and belief, Defendant engages in "caller ID spoofing," which allows

Defendant to display a telephone number which is different than the actual telephone number used to place the telephone call.

22. Though initially developed to protect consumers, the technology has since been commandeered and is now often used to send spam and for telemarketing,

23. Plaintiff answered Defendant's telephone call to him on September 5, 2017, at 12:10 PM and heard the following message:

> *"…[c]ausing customers to think you are no longer open for business, press 1 now to check the status of your Google listing, if you are the business press 1 now, press 2 to be removed from this list."*

24. At all times herein relevant, Plaintiff's Google listing for his business, Tech Ambulance, was up to date; however, Defendant intentionally stated it was not in order to induce Plaintiff into purchasing Defendant's services.

25. Plaintiff pressed "2" on his cellular telephone, as instructed, so as to prevent the occurrence of future, unsolicited telephone calls.

26. Upon information and belief, Defendant transmitted the above referenced artificial or prerecorded voice message using an "automatic dialing system," as defined by 47 U.S.C. § 227(a)(1) and without Plaintiff's consent.

27. However, despite Plaintiff's unequivocal act, Defendant proceeded to leave Plaintiff two (2) more of the same, unsolicited voicemails that day on September 5, 2017, at 3:17 PM and 5:09 PM, respectively.

28. Frustrated by Defendant's multiple interruptions during business hours, Plaintiff contacted Defendant via telephone and explained that Plaintiff had all telephone calls

and voicemails to Tech Ambulance forwarded to his cellular telephone, that, as such, Defendant's unsolicited telephone calls and voicemails were incredibly disruptive, and Plaintiff unequivocally asked Defendant to cease the unsolicited telephone calls and voicemails.

29. Despite Plaintiff's affirmative actions, Defendant proceeded to leave Plaintiff fifteen (15) more of the same, unsolicited voicemails on September 6, 2017, at 11:27 AM and again at 12:49 PM; September 11, 2017, at 9:17 AM, 1:10 PM, and again at 4:40 PM; September 13, 2017, at 4:48 PM; September 14, 2017, at 10:18 AM and again at 2:54 PM; September 15, 2017, at 9:24 AM and again at 4:14 PM; September 18, 2017, at 1:46 PM; and September 19, 2017, at 5:15 PM.

30. On each occasion, the same voicemail message was left and forwarded to Plaintiff's cellular telephone:

> *"…[c]ausing customers to think you are no longer open for business, press 1 now to check the status of your Google listing, if you are the business press 1 now, press 2 to be removed from this list."*

31. On each occasion, Defendant transmitted the above referenced artificial or prerecorded voice message without Plaintiff's consent.

32. On September 19, 2017, Plaintiff sent Defendant an email stating that the telephone number Defendant had been incessantly calling had been on the Do Not Call Registry since 2005, that Plaintiff had opted out of receiving any future telephone calls from Defendant by pressing "2" on his cellular telephone, as instructed by Defendant, that Plaintiff had called Defendant on September 5, 2017, and asked Defendant to cease

any future telephone calls, but yet, despite Plaintiff's considerable efforts, Plaintiff received numerous calls from Defendant almost daily.

33. On September 20, 2017, Danielle Trivento, Defendant's agent and Quality Assurance Supervisor, assured Plaintiff that "the nuance [sic] of unwanted phone calls" would cease.

34. Defendant's incessant telephone calls and voice messages disrupted Plaintiff's personal and business life, and caused Plaintiff mental anguish and emotional distress.

## TRIAL BY JURY

35. Plaintiff is entitled to, and hereby demands, a trial by jury. US Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. § 227

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Defendant transmitted eighteen (18) unsolicited telephone calls and/or voicemails to Plaintiff's business, Tech Ambulance, which were then forwarded to Plaintiff's cellular telephone, without Plaintiff's consent to do so.

38. The unsolicited telephone calls and voicemails were sent using equipment that had the capacity to store telephone numbers retrieved from Defendant's database and to dial such numbers.

39. Defendant sent eighteen (18) unsolicited telephone calls and/or voicemails to Plaintiff without Plaintiff's consent to do so.

40. Defendant's aforementioned acts and omissions constitute knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*

41. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages, per violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

42. In the alternative, Defendant's aforementioned acts and omissions constitute negligent violations of 47 U.S.C. § 227 *et seq.*

43. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to actual damages.

## COUNT I.

## INVASION OF PRIVACY

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. Defendant's conduct resulted in an intrusion upon Plaintiff's right to seclusion and an invasion of Plaintiff's privacy.

46. Defendant's conduct was highly offensive to Plaintiff and would be considered highly offensive to a reasonable person.

47. Defendant's conduct caused Plaintiff frustration, emotional distress, and mental anguish.

48. As a result of Defendant's intrusion, Plaintiff is entitled to actual damages as well as

the costs associated with bringing these proceedings.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

- That the unlawful conduct alleged herein be declared illegal and in violation of the TCPA;
- That Plaintiff be awarded actual damages for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- That Defendant willfully violated the TCPA and, thus, Defendant is subject to damages pursuant to 47 U.S.C. § 227(b)(3)(C)
- That Plaintiff be awarded statutory damages of $1,500.00 for each individual violation, pursuant to 47 U.S.C. § 227(b)(3)(C);
- that judgment be entered against Defendant for actual damages and costs for Defendant's invasion of privacy; and
- for such other and further relief as may be just and proper.

Dated this 23rd day of January, 2018.   Respectfully submitted,

By: s/Thomas J. Lyons Jr._____

Thomas J. Lyons, Esq.
Attorney I.D. #:  65699
LYONS LAW FIRM P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:   (651) 770-5830
tlyons@lyonslawfirm.com

Thomas J. Lyons, Jr., Esq.
Attorney I.D. #249646
CONSUMER JUSTICE CENTER, P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:   (651) 704-0907
tommy@consumerjusticecenter.com

*ATTORNEYS FOR PLAINTIFF*

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA          )
                            ) ss
COUNTY OF <u>WASHINGTON</u>   )

I, Daniel L. McKinnon, having first been duly sworn and upon oath, depose and say, upon my personal recollection, as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after making reasonable inquiry
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

<u>s/Daniel L. McKinnon</u>
Daniel L. McKinnon

Subscribed and sworn to before me
this <u>22</u> day of January, 2018.


<u>s/Logan Jazz Madden</u>
Notary Public